## Case No. 1,795.

### BRADY v. ATLANTIC WORKS.

[3 Ban. & A. 577;[1] 15 O. G. 965.]

Circuit Court, D. Massachusetts. Oct. 9, 1878.

PATENTS—INFRINGEMENT — MEASURE OF DAMAGES —INTEREST ON PROFITS.

1. Gains and profits are the proper measure of damages in equity suits, except in certain cases where the injury sustained by the infringement is plainly greater than the aggregate of what was made by the infringer.

2. Actual profits made by the infringement, are the profits which the complainant is entitled to recover, excluding those made in the construction of such portions of the infringing machine as are not embodied in the patented mechanism.

3. Interest on profits will not be allowed.

[See Mowry v. Whitney, 14 Wall. (81 U. S.) 620; Silsby v. Foote, 20 How. (61 U. S.) 378, reversing Case No. 4,919; Parks v. Booth, 102 U. S. 96; Littlefield v. Perry, 21 Wall. (88 U. S.) 205; Illinois Cent. R. Co. v. Turrill, 110 U. S. 301, 4 Sup. Ct. 5.]

[4. Cited in Roberts v. Walley, 14 Fed. 169, to the point that a witness will not be compelled to disclose the names of persons whom

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

the opposite party may desire to call to disprove the case of his adversary.]

[On exceptions to master's report.

[In equity. Bill by Edwin L. Brady against the Atlantic Works to enjoin the infringement of letters patent No. 72,360, issued to complainant December 17, 1867, for improvements in dredging-boats, and for an accounting. There was a decree for an account (Case No. 1,794), and a report by the master to whom the matter was referred, to which report both parties excepted. Exceptions overruled, and decree confirmed.]

John S. Abbott, for complainant.

Geo. P. Sanger and R. R. Bishop, for defendants.

CLIFFORD, Circuit Justice. Gains and profits are the proper measure of damages in equity suits, except in certain cases where the injury sustained by the infringement is plainly greater than the aggregate of what was made by the respondent. Examples of the kind may be mentioned as falling within the exception where the business of the infringer was so improvidently conducted that it did not yield any substantial remuneration beyond expenses, and cases where the products of the patented improvement were sold by the infringer greatly below their just and market value, in order to compel the owner of the patent, his assignees and licensees, to abandon the manufacture of the patented product. Birdsall v. Coolidge, 3 Otto [93 U. S.] 69. Redress was sought by the complainant, at a preceding term, for the infringement of a patent granted to him for a new and useful improvement in the construction of boats for dredging under water, as more fully set forth in the prior opinion of the court. Hearing was had, and the court entered a decretal order in favor of the complainant, and sent the cause to a master to compute and report the amount of the profits made by the respondents. Due report was made by the master, with the exceptions of each party to the same, which are the subject of the present investigation.

Exceptions of a general character taken by the complainant are three. (1.) Those that relate to allowances made by the master for general expenses, of which there are five in number. (2.) Extra charges were allowed by the master to the respondents for work done and materials furnished in constructing the dredge-boat, to which the complainant excepted. (3.) Interest was not allowed by the master upon the sum reported as profits, and the complainant excepts to the ruling of the master in that regard.

(1.) Complainant's exceptions as to the general expenses of their business, properly chargeable to the same, in the construction of the dredge-boat. Such expenses both parties agree should be allowed, but they differ widely as to the mode in which they should

be computed and ascertained. Difficulty, it seems, attended the investigation, and the master took the calendar year or years in which the work was done, to which the complainant objected, and insisted that the calculation should only cover such portion of such year or years in which the respondents were actually engaged on the work. Had the complainant's theory been adopted by the master, the calculations would have been much more intricate and embarrassing, nor had he before him the requisite statistics to enable him to follow and verify the theory. Profits, beyond all doubt, are the proper measure of compensation in this case, and it is equally certain that the burden of proof is upon the complainant to show what the amount is that he is entitled to recover. Masters charged with that duty may examine the respondent, and, if necessary, inspect his books, but it is incumbent upon the complainant to furnish proof of whatever else is necessary to enable the master to make the proper computation. Actual profits made by the infringement of the invention secured by the letters patent are the profits which the complainant is entitled to recover, excluding those made in the construction of such portions of the infringing machine as are not embodied in the patented mechanism. Viewed in the light of those suggestions, it does not seem necessary to give each of the five exceptions touching the allowances for general expenses a separate examination. Matters in dispute are chiefly questions of fact, in respect to which it will be sufficient to say, that the whole report in respect to the five exceptions has been carefully reviewed, and the court is of the opinion that the five exceptions upon that subject must be overruled. Expenses of the kind are such as are incurred in the conduct of business for the benefit of the same in all its branches, and not properly chargeable to any one particular branch of the same. They are incurred for the maintenance of the entire business, and not in the interest of any one part of it above another, but are necessary, convenient or customary for all, and, therefore, are properly apportionable to the several branches of the business, when the profits of either are to be separately stated. Hitchcock v. Tremaine [Case No. 6,539]; The Tremolo Patent, 23 Wall. [90 U. S.] 528. Tested by the principle there laid down, it is clear that all these expenditures were properly allowed, as they were needful for all the undertakings, and were incurred for the benefit of all.

(2.) Extras charged, being actual expenditures, were properly taken into the account by the master, and the exception is accordingly overruled.

(3.) Interest on profits was properly refused. Such a charge was allowed by the circuit court in Silsby v. Foote, 20 How. [61 U. S.] 387, for which ruling the decree of the circuit court was reversed. Mowry v. Whit-

ney, 14 Wall. [81 U. S.] 653. Argument upon that subject is unnecessary, as the question is definitely settled by the decisions of the supreme court. Littlefield v. Perry, 21 Wall. [88 U. S.] 229.

Certain exceptions are also taken by the respondents to the report of the master, which deserve a brief consideration. Charges for extra work and materials furnished were allowed in the account of the respondents, in consideration of which the master required the respondents to assign the charges for the same to the complainant. Enough appears to show that the arrangement was an equitable one, and that the reasons given in support of it are entitled to prevail. Respondents' exceptions 2 and 3 are overruled, for the reasons given by the master, without further discussion. Providence Tool Co. v. Norris, 2 Wall. [69 U. S.] 54; Trist v. Child, 21 Wall. [88 U. S.] 450. Nor is any discussion necessary to support the ruling of the master which is the subject of complaint in the fourth exception of the respondents. His reasons are sound and well supported. Providence Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 803.

Exceptions of both parties overruled. Master's report confirmed.

[NOTE. For reversal of the final decree in this case by the supreme court, see note at end of Case No. 1,794.]